IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, | * |
| | * |
| v. | *   Criminal Case: SAG-14-0502 |
| | *   Civil Case: SAG-22-1437 |
| WILLIAM WARREN | * |
| | * |
| | *** |

### MEMORANDUM

William Warren has filed a motion to vacate his conviction and sentence under 28 U.S.C. § 2255. ECF 52. The Government has filed a response, ECF 56. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons explained below, Mr. Warren's motion will be denied.

Mr. Warren was indicted and charged with possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g)(1). ECF 1. His defense counsel negotiated a plea with the Government under which he would receive a sentence of 180 months' imprisonment, to run concurrent with any Maryland state sentence being served. ECF 30. Mr. Warren executed a plea agreement containing an agreed statement of facts and affirmed those facts under oath at his rearraignment. *See, e.g.,* ECF 56-1 at 14 ("THE COURT: And did you engage in – did you possess that firearm as the government charges you with?  THE DEFENDANT: Yes."). United States District Judge J. Frederick Motz imposed the parties' agreed 180-month concurrent sentence on the day Mr. Warren entered his guilty plea, and Mr. Warren did not appeal.

On June 28, 2017, Mr. Warren filed his first Motion to Vacate, Set Aside, or Correct the sentence pursuant to 28 U.S.C. § 2255. ECF 33. In that motion, he argued that the subsequent indictment of one of the officers involved in his arrest, Daniel Hersl, called the facts of his case into question. *Id.* Judge Motz denied the motion, reasoning that Mr. Warren had admitted his possession of the firearm under oath. ECF 41.

In the instant motion, Mr. Warren argues that another of the three officers involved in his arrest, Officer Timothy Romeo, is on Baltimore City State's Attorney Marilyn Mosby's list of "all the officers with credibility, theft, planting evidence, perjury, corruption and fraud" issues.  ECF 52. His new argument suffers the same deficiency as his prior one. Rule 11 "provides for the placing of plea agreements on the record, for full inquiry into the voluntariness of the plea, for detailed advice to the defendant concerning his rights and the consequences of his plea and a determination that the defendant understands these matters, and for the determination of the accuracy of the plea." *United States v. Lambey,* 974 F.2d 1389, 1395 (4th Cir.1992). "[A] defendant's solemn declarations in open court affirming [a plea] agreement . . . carry a strong presumption of verity, because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy." *United States v. Lemaster,* 403 F.3d 216, 221 (4th Cir. 2005) (citations omitted); *see also United States v. Lambey,* 974 F.2d 1389, 1395 (4th Cir. 1992) (*en banc*) ("If the information given by the court at the Rule 11 hearing corrects or clarifies the earlier erroneous information given by the defendant's attorney and the defendant admits to understanding the court's advice, the criminal justice system must be able to rely on the subsequent dialogue between the court and defendant."). "In the absence of extraordinary circumstances, allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'" *Lemaster,*403 F.3d at 221–22 (citations omitted).

Mr. Warren does not now expressly deny possessing the firearm, and it is difficult to see how Officer Romeo's placement on a list would have any impact on his conviction by guilty plea, given his admission of guilt.  Certainly, there is no indication that Mr. Warren's counsel could have known that Officer Romeo would appear on a list years later.  Regardless, Mr. Warren's plea of guilty breaks the causal chain, such that any advice rendered by his attorney before the plea

could not constitute ineffective assistance. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.").

Moreover, as the Government notes, State's Attorney Mosby publicly disclaimed the idea that the "list" she issued is some kind of "credibility" or "do not call" list, specifying that some of the listed officers had only "unsubstantiated allegations of misconduct." *State's Attorney Mosby Issues Statement on Release of Additional Officer Names to Baltimore Action Legal Team,* https://www.stattorney.org/media-center/press-releases/2577-states-attorney-mosby-issues-statement-on-release-of-additional-officer-names-to-balt-alt-legal. The import of Officer Romeo's inclusion on the list, then, is entirely uncertain, and certainly does not form the basis of a constitutional violation.

Finally, it appears that Mr. Warren's claims are procedurally barred. *See Bousley v. United States,* 523 U.S. 614, 621(1998) (holding that by not challenging the validity of his plea, "petitioner procedurally defaulted the claim he now presses."); *Id.* ("the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review."). Therefore, both on the merits and procedurally, Mr. Warren's claim fails. His motion to vacate will be denied, and no certificate of appealability will be issued. *See* 28 U.S.C. § 2253(c)(2) ("A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right."); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (describing the "substantial showing" standard). A separate Order follows.

November 14, 2022                                                              /s/
Date                                                                                      Stephanie A. Gallagher
                                                                                              United States District Judge